Louis D. Laurino, S.
Incidental to this accounting proceeding, there is a request for a construction of the decedent’s will.
At issue is a trust which terminates when each of the beneficiaries "shall attain the age of twenty-one years”. It is the executor’s position that, with the change in the age of majority from 21 years to 18 years, the trust should terminate when each beneficiary attains the age of 18 years. The court holds that the termination of the trust must await each beneficiary’s 21st birthday, despite the statutory reduction in *105 the age of majority. Whenever a definite age is specified for the termination of a trust (which might as easily be 35, or any age, as 21) it must be complied with. (Cf. Matter of Church, NYLJ Feb. 10, 1975, p 15, col 5.)
It should be pointed out that this will was executed prior to the effective date of the statutory reduction in the age of majority, September 1, 1974, so that even if it spoke in terms of "majority” or the like, instead of "twenty-one years”, the same result would obtain under the newly enacted EPTL 2-1.10. (L 1975, ch 262.)
The claim for counsel fees and disbursements is allowed in the sum requested for all services rendered, including the preparation, entry and execution of the decree hereon.
Account settled.